FUI HA BONG, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–3955–ag.

United States Court of Appeals,
Second Circuit.

June 26, 2007.

Frank R. Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Fui Ha Bong, a citizen of Indonesia, seeks review of a July 31, 2006 order of the BIA, affirming the March 31, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Fui Ha Bong,* No. A98 420 358 (B.I.A. July 31, 2006), *aff'g* No. A98 420 358 (Immig. Ct. N.Y. City March 31, 2005). We assume the parties' famil-

iarity with the underlying facts and the procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed facts. *See, e.g., Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, this Court reviews the IJ's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

A valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Tian-Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir. 2004). However, in order to constitute persecution, the alleged harm must be severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006); *see also Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) (citing *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive")). The agency must consider the context in which the harm occurs in order to determine whether it constituted persecution, as opposed to mere harassment. *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006).

Here, the IJ properly found that the petitioner's claims of past discrimination and assault did not amount to persecution. Apart from some minor cuts and offensive touching, the petitioner has not claimed that she was ever severely harmed. Nor was the petitioner ever arrested, detained, or subjected to any harm

by governmental officials on the basis of her ethnicity or religion. Moreover, the record reveals that the incidents she describes were isolated, occurring over a ten-year period and all separated by more than one year.

 The IJ's determination that the petitioner lacked a reasonably objective fear of future persecution was supported by substantial evidence. The 2003 Country Report for Indonesia mentions no instances of persecution against ethnic Chinese and those of the Buddhist religion and, further, notes a sharp decrease in instances of discrimination or harassment against these individuals. The petitioner did not present any evidence to rebut this Report.

Because the petitioner failed to meet the lesser burden of establishing eligibility for asylum, the IJ properly concluded that she failed to establish her eligibility for withholding of removal. *Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003) (per curiam). As petitioner failed to adequately raise her CAT claim in her petitioner's brief, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).