**FUI HA BONG, Tony Suarni, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5272–ag.

United States Court of Appeals, Second Circuit.

July 31, 2008.

Yimin Chen, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Anthony Norwood, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners Fui Ha Bong and Tony Suarni, natives and citizens of Indonesia, seek review of the October 31, 2007 order of the BIA denying their motion to reopen and reconsider. *In re Fui Ha Bong, Tony Suarni*, Nos. A98 420 358/359 (B.I.A. Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen and reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted).

We conclude that the BIA did not abuse its discretion in denying the Petitioners' motion to reopen and reconsider. Much of the Petitioners' brief to this Court is devoted to challenging the IJ's underlying denial of asylum, withholding of removal, and relief under the Convention Against Torture. These arguments, albeit in more conclusory form, reiterate those raised in Bong's prior petition for review challenging the BIA's July 2006 affirmance of the IJ's decision. *See Fui Ha Bong v. Gonzales*, 236 Fed.Appx. 710 (2d Cir.2007). In this Court's summary order resolving that petition, we decided that both the IJ's past

persecution and well-founded fear findings were supported by substantial evidence. *Id.* at 711–12. That decision remains the law of the case. *See U.S. v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002). We will not revisit Petitioners' assertions.

In any event, the BIA did not abuse its discretion in denying the Petitioners' motion to reopen and reconsider as untimely. *See* 8 C.F.R. § 1003.2(b)(1), (c)(2), and (c)(3)(ii). The motion was filed on September 10, 2007, more than ninety days after September 1, 2006, when the BIA's July 2006 order became final. Thus, whether construed as a motion to reopen or reconsider, it was untimely. Because there is no exception to the time limitation for motions to reconsider, *see* 8 C.F.R. § 1003.2(b)(1), the BIA's proper finding that Petitioners' motion to reconsider was untimely is dispositive of their motion to reconsider. To the extent the BIA nonetheless considered their arguments, it properly found that they failed to "specify any error of fact or law" where their motion essentially reargued their merits appeal. *See Matter of O–S–G–,* 24 I. & N. Dec. 56, 58 (BIA 2006).

Nor did the BIA abuse its discretion in denying Petitioners' motion to the extent it construed it as a motion to reopen. As the BIA noted, the Petitioners failed to present any new or previously unavailable evidence in support of their motion. In the absence of such evidentiary support, the BIA's denial of the motion was not an abuse of discretion. *See Ke Zhen Zhao,* 265 F.3d at 90; 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.